Hatfield v. Central Railroad Co.

---

LEVI HATFIELD v. THE CENTRAL RAILROAD COMPANY.

1. In an action by the owner of land, bordering on a public street, against a railroad company, for building their road, without right, along such street, the measure of damage is the loss and inconvenience sustained by such owner, in view of the use to which such land has been put during the existence of such nuisance.

2. The fact that in this interval of time the abstract salable value of the land has been diminished, does not enhance the legal measure of damages, in the absence of all proof that the owner had been prevented from selling, or from turning the premises to other contemplated uses, which would have been more profitable.

3. Where the rule of damage adopted on the trial is fundamentally erroneous, the verdict will, in some cases, be set aside, although no objection was made to the introduction of the evidence on which such rule was founded.

On motion for new trial.

The plaintiff was the owner of a tract of land in Plainfield, fronting for about four hundred and eight feet on Third street, to the centre of which his title extended. About fourteen years ago, the defendants took possession of the greater por·tion of this street for the purposes of their track, constructing the track in such a way that it could not be crossed at this point, and cutting off access to the plaintiff's lot along this street. The railroad track was put in this street, and has since been continued there unlawfully, the defendants having taken no steps to legalize it, under the powers· given them in their charter. The purpose of this action was to recover damages for the erection and continuance of this nuisance. Two other suits, for the same cause, between these parties, were submitted to the court ·on the same argument. The verdicts in the three cases amounted to four thousand nine hundred and forty-eight dollars and six cents. The motion was for new trials.

For the motion, *R. S. Green* and *B. Williamson*.

Contra, *C. Parker*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. During the period to which this controversy relates, the premises in question were occupied, in part, by a lumber yard, and in part by tenant houses. These houses fronted on a street not occupied by the railroad of the defendants, and there is nothing in the case showing they were injuriously affected by it. It was the plaintiff himself who carried on this lumber business upon these premises, and it nowhere appears that he, at any time, desired to appropriate this land to any other purpose. So far as the case shows, he never offered it, nor any

Hatfield v. Central Railroad Co.

part of it, for sale. It seems, therefore, to me, to be perfectly indisputable that the only damages which the plaintiff can claim of these defendants, in consequence of the railroad track being illegally laid along this land is, for the loss and inconvenience which he has sustained in the prosecution of his lumber business. I can see not the least pretext for any other ground of claim. What other detriment has he sustained? Certainly not from any depreciation of his land with respect to its salable value, because either the railroad track must be removed, and then there will be no depreciation, or, on this very score, full compensation must be made to him. The plaintiff, then, must be regarded as possessed of this land undiminished in its worth from the presence of any nuisance. What loss, then, has befallen him? Could he have sold it? Could he have rented it, at higher rates, for other purposes? There is no evidence on the subject. Nor can it be presumed that because the property, from the fault of the defendants, has not been in a salable condition, that the plaintiff has been injured. Such enforced retention of the property may have been a benefit, the question depending, altogether, on the price for which the property could have been sold, and its present value. In the absence of all proof, there can be no legal inference that the plaintiff has suffered any loss on this account. Nor can the mere possibility that if the railroad track had not incommoded the property, it would have been more profitably employed, be taken into consideration. Mere speculative opinions as to what would have been the case under an altered state of facts, can never afford ground for any legal appraisement of damages. Under these circumstances, the plaintiff was to be compensated simply for the ill effects from this nuisance to his lumber business. And yet, although I have carefully examined the testimony in this aspect, I do not find a single witness who speaks to this point. There is absolutely nothing in the case to show that this business was, in any material respect, inconvenienced by the railroad of the defendants. The lumber yard appears to have had a

convenient access from another street. It is not shown that, for the purposes of this business, it was necessary even to cross the street in which the railroad track was laid. Nor does it appear, except perhaps by inference from the situation of the tract of land, that the use of such street would have been any convenience to the lumber yard. Not a word fell from the lips of a single witness on the subject. After proof of the plaintiff's title, the entire evidence consisted in a statement of the opinions of the witnesses as to the value of the land with the railroad running along it, and its value relieved of that burthen. The whole of this evidence, I conceive, is irrelevant and illegal. It is true that it was not objected to at the trial, by the defendants, but still, it is so clearly aside from the case, that it cannot be permitted to affect the result. The fact that the railroad track reduced the value of the land one-half, was no injury to the plaintiff, unless he desired to sell immediately, because the cause of such reduction is removable. Suppose, instead of this burthen, it had been a mortgage illegally placed and kept upon this property, could the plaintiff have claimed, for this wrong, substantial damages, without showing that he had been prevented from making some contemplated improvement, or had lost a sale which would have been more advantageous than a retention of the land? Clearly he could not; and the case put, is strictly analogous to the case in hand. This evidence, consequently, must pass for nothing. The result is, there is nothing upon which these verdicts, for such large amounts, can rest.

A new trial must be granted in each of these cases.